UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HILLERY DUPLEASIS, 10B2459,

                Petitioner,

    -vs-

MICHAEL SHEAHAN,

                Respondent.

**No. 1:14-CV-00475 (MAT)**
**DECISION AND ORDER**

---

## I. Introduction

Hillery Dupleasis ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered January 13, 2012, in New York State Supreme Court, Erie County (Burns, J.), following a jury trial in which he was convicted of felony murder (N.Y. Penal Law § 125.25(3)).[1] Petitioner is currently serving a prison sentence of 25 years to life.

## II. Procedural History

Following his conviction, petitioner filed a direct counseled appeal to the New York State Supreme Court, Appellate Division, Fourth Department, in which he argued that (1) his conviction was not supported by legally sufficient evidence; (2) the trial court abused its discretion by permitting petitioner to be cross-examined

---

[1] Petitioner was originally tried and convicted of burglary, robbery, and criminal possession of a weapon. That conviction was reversed on appeal based on the trial court's mishandling of a jury note. See People v. Dupleasis, 79 A.D.3d 1777 (4th Dep't 2010), rearg. denied, 82 A.D.3d 1724. The instant case relates to petitioner's retrial.

on certain prior convictions; and (3) his sentence was unduly harsh and excessive.

On December 27, 2013, the Fourth Department unanimously affirmed petitioner's judgment of conviction.[2] See People v. Dupleasis, 112 A.D.3d 1318 (4th Dep't 2013), lv. denied, 22 N.Y.3d 1138 (2014). The Fourth Department found that petitioner's legal sufficiency claim was unpreserved and, in any event, meritless. Id. at 1319. Specifically, the Fourth Department held that the testimony of petitioner's accomplice sufficiently established that petitioner was the individual who shot and killed the victim and that the homicide took place during the course of a robbery or burglary. Id. The court further found that the accomplice's testimony was not incredible as a matter of law and that it was sufficiently corroborated. Id.

The instant petition (doc. 1) contends that (1) the evidence was legally insufficient to support the verdict and (2) trial counsel was ineffective for failure to make a motion to dismiss for legal insufficiency. For the reasons discussed below, the petition is dismissed.

**III. Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions

---

[2] The Fourth Department modified the conviction by removing the DNA databank fee, which it found the trial court imposed in error. Dupleasis, 112 A.D.3d at 1320.

2

under which federal courts may grant habeas relief to a person in state custody." Kruelski v. Connecticut Super. Ct. for Judicial Dist. of Danbury, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

**IV. Grounds Asserted in the Petition**

    **A.   Legal Sufficiency**

Petitioner contends that the evidence was legally insufficient to support his conviction, arguing that the testimony of his accomplice was incredible and that the evidence did not establish that the homicide of which he was accused occurred during the course of a robbery or burglary. As discussed above, the Fourth Department rejected this claim as unpreserved and without merit. The Fourth Department's finding that the claim was unpreserved constitutes an adequate and independent state law ground precluding habeas review. See, e.g., Richardson v. Greene, 497 F.3d 212, 218 (2d Cir. 2007) (recognizing New York's contemporaneous objection rule as an adequate and independent state ground barring habeas

3

review); Switzer v. Graham, 2010 WL 1543855, *4 (W.D.N.Y. Apr. 16, 2010).

Moreover, the Fourth Department correctly found that the evidence was legally sufficient to support petitioner's conviction of felony murder under New York law. See N.Y. Penal Law § 125.25(3). The evidence at trial established that petitioner unlawfully entered the dwelling of, and forcibly stole property from, one Donald Sanok while armed with a deadly weapon, facts which established the crimes of robbery and burglary. Petitioner thereafter shot and killed Robert Robinson, who was attempting to thwart the robbery, in the course of and in furtherance of the robbery. The facts at trial were thus "sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt" as to every element of the felony murder with which petitioner was charged. Jackson v. Virginia, 443 U.S. 307, 321 (1979). This claim is therefore dismissed.

    **B.    Ineffective Assistance of Trial Counsel**

In grounds one and two of his petition, petitioner contends that trial counsel was ineffective for failing to move to dismiss the charge of felony murder for legal insufficiency. To establish ineffective assistance of counsel, a defendant first must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and second, that "there is a reasonable probability that, absent the

errors [by counsel], the fact finder would have had a reasonable doubt respecting guilt." Strickland v. Washington, 466 U.S. 668, 687, 695 (1984). Under Strickland, the Court is required to consider alleged errors by counsel "in the aggregate." Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001).

As discussed above, the Fourth Department rejected petitioner's insufficiency claim, finding that it was unpreserved and meritless. Counsel was not ineffective for failing to make a meritless motion. See, e.g., Aparicio v. Artuz, 269 F.3d 78, 88, 99 (2d Cir. 2001). This claim is accordingly dismissed.

## V. Conclusion

For the foregoing reasons, petitioner's request for writ of habeas corpus is denied and the petition (doc. 1) is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                               **S/Michael A. Telesca**

                                      HON. MICHAEL A. TELESCA
                                      United States District Judge

Dated:    May 30, 2017
           Rochester, New York.